IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLANDO RAMIREZ, #43044-177 | § | |
|        Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-2116-L-BK |
| | § | (3:11-CR-118-L-1) |
| UNITED STATES OF AMERICA, | § | |
|        Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to possessing a firearm after being convicted of a felony, and was sentenced under the residual clause of the Armed Career Criminal Act (ACCA) to 180 months' imprisonment and a two-year term of supervised release. *United States v. Ramirez*, 3:11-CR-188-L-1 (N.D. Tex. Jun. 8, 2011), *aff'd*, 507 Fed. Appx. 353 (5th Cir. Jan. 2013). In the four grounds raised in this timely section 2255 motion, Petitioner asserts counsel rendered ineffective assistance at sentencing because his prior burglary convictions were not generic burglaries and, thus, could not serve as predicate offenses under the ACCA. [Doc. 2 at 2-4, 7-11].

1

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998)* (citing *United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991)* (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001)*.

*ACCA Enhancement*

At sentencing, the District Court determined that Petitioner's four prior burglaries of a habitation under TEX. PEN. CODE § 30.02(a)(3) were violent felonies under the ACCA's residual clause because they presented a serious potential risk of physical injury to another. *See* 18 U.S.C. § 924(e)(1) and (2)(B)(ii); U.S.S.G. § 4B1.4(a). [Crim. Doc. 37 at 19-20]. On direct appeal, Petitioner's counsel argued (as he did at sentencing) that the issue of whether the prior convictions were violent felonies under the ACCA was foreclosed by *United States v. Constante, 544 F.3d 584 (5th Cir. 2008)* (per curiam). The United States Court of Appeals for the Fifth Circuit disagreed, concluding that *Constante* did not address whether burglary under section 30.02(a)(3) was a violent felony under the ACCA's residual clause. *Ramirez, 507 Fed. Appx. 353, 354 (5th Cir. 2013)* (citing *Constante, 544 F.3d at 587*) (holding instead that a section

30.02(a)(3) burglary was not a generic burglary because it did not contain the necessary intent). Because *Constante* did not foreclose the issue in Petitioner's direct appeal, the Fifth Circuit affirmed his sentence. *Ramirez*, 507 Fed. Appx. at 354.

In his section 2255 motion, Petitioner asserts anew that he "is not an armed career offender." [Doc. 2 at 7]. He contends that under the categorical approach his "prior convictions do not qualify as 'generic' offenses" and therefore cannot, without more, serve as a factual predicate for the career offender enhancement." [Doc. 2 at 10-11]. Even employing the modified categorical approach, he maintains his prior convictions lack the necessary intent for a generic burglary. [Doc. 2 at 12-13]. He reiterates that his prior convictions have the same elements as *Constante*'s prior conviction and, thus, "his case must be held to the same standard." [Doc. 2 at 14].

However, Petitioner cannot re-urge under section 2255 grounds previously litigated and rejected on direct appeal. *See United States v. Webster*, 421 F.3d 308, 310 n. 7 (5th Cir. 2005) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Accordingly, Petitioner's reliance on *Constante* must be rejected. *See also United States v. Emeary*, --- F.3d ---, 2014 WL 6913214, at *3-4 (5th Cir. Dec. 8, 2014) ("section 924(e)(2)(B)(ii)'s definition of a 'violent felony' encompasses not only 'burglary' but also, under the so-called residual clause, other offenses that 'involve[ ] conduct that presents a serious potential risk of physical injury to another.'").

Insofar as Petitioner asserts that his "prior convictions are neither crimes of violence [n]or drug offenses," his claim fares no better. [Doc. 2 at 7]. He presents no supporting argument, apart from generally arguing, again based on *Constante*, that his prior burglaries were "a categorically non-violent, non-generic crime" and that the judgment "contains no mention of a

3

crime of violence." [Doc. 2 at 13]. Nonetheless, his argument does not rise to a constitutional issue cognizable under section 2255. *See United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under section 2255); *United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994) (defendant's claim that the district court erred in making upward departure under Sentencing Guidelines could not be considered in postconviction proceeding to vacate, set aside, or correct sentence). Thus, this claim fails as well.

*Ineffective Assistance of Counsel*

Next, Petitioner contends generally that counsel rendered ineffective assistance. While he cites the applicable standard, he fails to plead any facts in support of his claim. [Doc. 2 at 2-4]. Petitioner's vague assertion that counsel rendered ineffective assistance is clearly vague and insufficient to plead a Sixth Amendment claim. *See United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Even liberally construing his *pro se* pleadings, Petitioner has not pled sufficient facts in support of his claim. Without any specific allegation explaining what counsel did or failed to do, Petitioner cannot raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 23 (quotations and quoted case omitted); *see also Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

Even when Petitioner's pleadings are liberally construed to raise a claim of ineffective assistance of counsel at sentencing, such claim fails. To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient

4

page 5 of 7

performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove deficient performance, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

As counsel noted at sentencing, the government's ACCA argument -- that the prior burglary convictions were violent felonies -- was novel. [Crim. Doc. 37 at 53]. Relying on *Constante*, the PSR took the position (subject to future directive from the Court) that the prior burglary convictions did *not* qualify as violent felonies. [Crim. Doc. 26-1 at 7]. Defense counsel agreed with that favorable assessment and, at sentencing, he re-urged his reliance on *Constante*. [Crim. Doc. 37 at 33, 52]. He highlighted that apart from the four prior burglaries, in which nobody was hurt, Petitioner had no other criminal history. [Crim. Doc. 37 at 54]. He invited the Court to reflect on whether it had ever seen a defendant subject to the ACCA enhancement with a criminal background similar to Petitioner's in its lack of seriousness, and to consider that the prior burglaries were motivated solely by Petitioner's heroin addiction, which started when he was only 17 years of age. [Crim. Doc. 37 at 55].

The fact that counsel was unsuccessful in his efforts at sentencing does not mean that he was legally deficient. See [Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983)](#). Petitioner has failed to demonstrate that counsel's performance at sentencing was deficient or that he was prejudiced. Moreover, as the Fifth Circuit recently noted, "[t]here is no definitive answer in the decisions of the Supreme Court or this circuit whether [a] [§ 30.02(a)(3)](#) conviction is a "violent felony" under the residual clause" of the ACCA. [United States v. Emeary, --- F.3d ---, 2014 WL 6913214, at *3-4 (5th Cir. Dec. 8, 2014)](#) (holding district court did not commit plain error in determining that Texas conviction for burglary under [§ 30.02(a)(3)](#) was a violent felony under the ACCA residual clause). Thus, Petitioner's claim of ineffective assistance of counsel lacks merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under [28 U.S.C. § 2255](#) be summarily **DISMISSED** with prejudice. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED December 16, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE