IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROLANDO RAMIREZ, #43044-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:14-CV-2116-L-BK** |
| | § | (3:11-CR-118-L-1) |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**ORDER**

The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 16, 2014, recommending that this action be summarily dismissed with prejudice. Petitioner filed objections on February 9, 2015.

**I.      Objections**

Petitioner asserts two objections and one request for a stay. The court addresses each of these arguments in turn.

    **A.      Objection 1: "The Present Motion is Not Procedurally Barred"**

The magistrate judge addressed Petitioner's Armed Career Criminal Act ("ACCA") enhancement argument and his ineffective assistance of counsel argument separately.[1]   The

---

[1] In his first objection, Petitioner interprets the magistrate judge's conclusion as barring his ineffective assistance of counsel claim because he addressed this issue on direct appeal. Petitioner misunderstands the magistrate judge's Report, as the arguments concerning issues raised on direct appeal relate to Petitioner's ACCA enhancement and not his claim for ineffective assistance of counsel. The magistrate judge, nevertheless, rejected Petitioner's arguments regarding his ineffective assistance claim for reasons described in this section.

magistrate judge correctly indicated that Petitioner cannot reurge his argument that his prior convictions were not violent felonies under the ACCA. Report 2. Petitioner presented this argument at sentencing, and the Fifth Circuit rejected this argument during his direct appeal. *United States v. Ramirez*, 507 F. App'x 353 (5th Cir. 2013). Thus, Petitioner cannot reargue this point through a habeas petition. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

As to Petitioner's ineffective assistance of counsel claim, Petitioner asserts that his counsel did not make objections regarding the appropriate legal standard for his conviction and the evidence necessary to satisfy that legal standard. The magistrate judge correctly concludes that Petitioner has failed to demonstrate that his counsel's performance was deficient or that he suffered prejudice.

The arguments raised in Petitioner's objections do not affect the magistrate judge's recommendation. Petitioner asserts that the government should have been required to prove that he knew with "practical certainty"[2] that a firearm would be used during the illegal conduct. Pet'r's Obj. to Report 2-3. Courts, however, have applied this standard to convictions for aiding and abetting another in commission of a crime in which a firearm was used. *See United States v. Vazquez-Castro*, 640 F.3d 19, 24 (1st Cir. 2011) ("To show aider and abettor liability, the government must prove that the defendant knew to a 'practical certainty' that the principal would use a weapon during the commission of the crime."); *see also U.S. v. Williams*, 985 F.2d 749, 755 (5th Cir. 1993) ("To convict, the jury was required to find, therefore, that each defendant as an aider and abettor knew that

---

[2]Although Petitioner does not provide a citation to a case in which the "practical certainty" standard has been applied, he may be referring to the standard often used by the First Circuit in the context of accomplice liability. The Fifth Circuit, however, has not used the term "practical certainty" in the manner suggested by Petitioner.

the gun was at least available to one of the defendants.") (citations omitted).  Because Petitioner's conviction is under 18 U.S.C. § 922(g)(1), which does not relate to aiding or abetting another in commission of a crime, Petitioner's objection is without merit.  Petitioner has presented no other facts to support his ineffective assistance of counsel claim, and the court **overrules** Petitioner's first objection.

> B. Objection 2: "The Fifth Circuit's Decision Did Not 'Validate' Trial Counsel's Actions"

In his second objection, Petitioner restates his concern regarding the sufficiency of the evidence related to his conviction.  For the reasons discussed above, the "practical certainty" standard does not apply to Petitioner and thus cannot serve as a basis for a sufficiency of the evidence objection.

In another effort to support his sufficiency of the evidence objection, Petitioner asserts that the Fifth Circuit did not make a proper inquiry into Petitioner's state of mind.  Pet'r's Obj. to Report 6.  The Fifth Circuit, however, has held that to obtain a conviction under 18 U.S.C. § 922(g)(1), the government does not need to prove a defendant's knowledge of his status as a felon.  *United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) ("This court has held that the Government need not prove a defendant's knowledge of his status as a felon to establish a violation of § 922(g)(1).").

"[T]he Armed Career Criminal Act focuses upon the special danger created when a particular type of offender   a violent criminal or drug trafficker   possesses a gun," and "[i]n order to determine which offenders fall into this category, the Act looks to past crimes."  *Begay v. U.S.*, 553 U.S. 137, 146 (2008) (citation omitted).  Petitioner's prior four  burglaries were determined to be violent felonies, and he was therefore subject to the fifteen year minimum sentence.  Report 2; *see*

*also* 18 U.S.C. § 924(e)(1). Accoridngly, the court **overrules** this aspect of Petitioner's second objection regarding sufficiency of the evidence.

Also in his second objection, Petitioner again discusses this court's interpretation of the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). Pet'r's Obj. to Report 4.  As discussed above, Petitioner may not assert through a habeas petition an argument that has already been rejected on direct appeal. *Kalish*, 780 F.2d at 508. Accordingly, the court **overrules** Petitioner's second objection.

      C.     **Request for Stay of this Court's Decision**

Petitioner also asks the court to stay its ruling until the U.S. Supreme Court decides the appeal of *United States v. Johnson*, 526 F. App'x 708 (8th Cir. 2013). Pet'r's Obj. to Report 7. Petitioner correctly notes that the Supreme Court has asked the parties in that case to address the issue of whether the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Although the outcome of the Supreme Court's decision may affect Petitioner's constitutional rights, that issue is not yet ripe, as the Supreme Court has yet to rule on the issue. If the Court's decision affects Petitioner's constitutional rights, Petitioner may then file a second habeas petition for review of his sentencing. *See* 28 U.S.C. § 2255(f)(3) (noting that a petitioner must file a writ of habeas corpus within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Thus, because Petitioner will have an adequate opportunity to address this concern if the issue becomes ripe, the court need not stay its instant ruling pending resolution of that case.

**II.     Conclusion**

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct, **accepts** them as those of the court, and summarily **dismisses with prejudice** this petition for writ of habeas corpus. Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[3] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)     Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 22nd day of April, 2015.

                                        Sam A. Lindsay
                                        United States District Judge

**Order - Page 6**